IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JULIAN CORDOVA,

    Plaintiff,

vs.                                        Civ. No. 01-1240 JC/WWD ACE

THE VILLAGE OF BOSQUE FARMS, and
ROGER BALDWIN, WAYNE AKE, KENNETH
HAYS, GORDON KILLOUGH, and JULIE
HARDING, in their individual capacities,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Compel [docket no. 51] filed June 21, 2002. Plaintiff seeks an order compelling Defendants to make full and complete answers to Interrogatories numbered 2, 3, 5, 8, 9, 10, 14, 15, 21, as well as making the production called for in Requests for Production numbered 2, 3, 6, 9, 10, and 11.

***Interrogatory No. 2 to Defendants Baldwin, Hays & Killough***

> For each individual answering these interrogatories, please identify your spouse and any former spouses. For each spouse and former spouse, identify and describe the date and jurisdiction of marriage, and the date and jurisdiction of dissolution of marriage, if applicable, whether by death, divorce, annulment, or other manner.

No further response will be required from Defendants Baldwin, Hays or Killough to this interrogatory.

*Interrogatory No. 3*

>For each individual answering these interrogatories, please describe each and every place of employment at which you have worked during the last ten (10) years. For each such place of employment, please identify and describe: (a) your employer or place of employment; (b) your job title, duties, and educational and experiential qualifications for the job; (c) your rate(s) of pay; (d) the number of hours you have typically worked each week; (e) your immediate supervisor; (f) the inclusive dates you have worked at each place of employment; and (g) why you left that employment. If you are or have been self-employed, please provide the above information, where applicable; and also identify and describe: (h) the nature of the self-employment; (I) the nature of any business entity connected with the self-employment, *e.g.*, partnership or corporation, and the owner(s) thereof; and (j) your average annual income from self-employment.

The objections as to relevance and overbreath of Defendants Ake, Baldwin, Hays Killough are not well taken and are overruled. The questions should be answered fully by the above-named Defendants.

I*nterrogatory No. 5*

>Please indicate each and every occasion on which you have been a party to a lawsuit (other than the present lawsuit) or administrative proceeding. For the Village of Bosque Farms, please indicate each and every occasion on which it has been a party to a lawsuit (other than the present lawsuit) or administrative proceeding for the past seven (7) years. For each such occasion, please identify and describe: (a) the name of the court or administrative agency in which the suit or proceeding was filed; (b) the date when the suit or proceeding was filed; (c) the case number of the suit or proceeding; (d) the name of each party to the suit ir [sic] proceeding; (e) the instances giving rise to the suit or proceeding; and (f) the resolution or disposition of the suit or proceeding, including the date of resolution, the amount of any settlement or judgment, and the present status of the suit or proceeding, if it is still pending. Please

> also indicate whether you testified in any of the above proceedings under oath in any hearing, trial, or deposition, and if so, on what dates(s).

Defendant Baldwin's response to this interrogatory is "I do not have this information in my possession." Presumably Mr. Baldwin knows whether he has been involved in litigation, and there is no reason offered as to why he cannot contact his counsel or the court involved and obtain the information. He shall answer the interrogatory fully. The Defendant Village indicates that it will respond fully to this interrogatory which I shall require.

### *Interrogatory No. 8*

> For each individual answering these interrogatories, please identify and describe the nature and extent of your involvement in the incidents forming the basis of Plaintiff's complaint. Please include in your answer, but do not limit it to: (a) each and every statement you made to the Plaintiff, each and every statement the Plaintiff made to you, each and every statement you made to another Defendant in this matter, and each and every statement another Defendant made to you, during or as a result of the incidents forming the basis of Plaintiff's complaint; (b) the date of each such statement; (c) to whom it was made; (d) whether the statement was in person, written or telephonic and, if written, the present location of the document and when and how it was delivered to its intended recipient(s) and any witnesses to the statement; and (f) each and every action you took or someone took on your behalf as a result of such statement.

Defendants Baldwin, Harding, and Killough shall state what statements each recalls with as much of the sought detail as he can recall. No response will be required from the Defendant Village.

### *Interrogatory No. 9*

> Please identify each and every person (other than your attorneys and expert witnesses) whom you may call as a witness at the trial of this matter OR who has personal knowledge of the events forming the basis this lawsuit. For each such person, please identify and describe the substance of the person's anticipated testimony or

> knowledge. Also, for each such person, please indicate the nature
> of your relationship to the person, including whether you associate
> with the person outside of your employment, and if so, for what
> purpose and with what frequency.

Defendants Ake, Baldwin, Harding, Hays, and Killough shall list the witnesses whose identity is sought and who are presently known to them with the information sought on each witness notwithstanding the fact that the witness may have been disclosed in Defendants' initial disclosures and in the Initial Pre-Trial Report.

***Interrogatory No. 10***

> Have you ever conducted, or caused to be conducted, an
> investigation into the Plaintiff's job performance while he was an
> employee of the Village of Bosque Farms? If so, please identify
> and describe each such investigation. Please include in your
> answer, but do not limit it to: (a) who determined that an
> investigation should take place, and why; (b) who actually
> conducted the investigation; (c) the inclusive dates on which the
> investigation took place; (d) each and every person who was
> interviewed during the investigation; (e) each and every document
> that was generated during or as a result of the investigation, and the
> contents, current location, and current custodian of each such
> document; and (f) any and all conclusions and results of the
> investigation. If no such investigation was conducted, please state
> each and every reason why not. Please include a complete privilege
> log for any documents or information that you intend to withhold
> on the basis of the attorney-client privilege and/or the attorney
> work-product doctrine

The answer of the Defendant Village to Interrogatory No. 10 is incomplete in that it fails to respond to parts 10(b), 10(e), and 10(f) of the interrogatory. The Village also fails to furnish the requested privilege log. The Village shall answer parts 10(b), 10(e), and 10(f) in Interrogatory 10 and prepare and serve a privilege log as requested.

***Interrogatory No. 14***

> For Defendant Roger Baldwin, please identify each and every
> occasion in the past ten (10) years on which any of your property
> has been destroyed or damaged by fire or other casualty or
> misadventure, on which you have made a claim for payment of
> insurance benefits. For each and every such occasion please
> provide (a) a description of the property involved and the date(s) of
> the loss; (b) the insurance carrier(s) involved; (c) the claim numbers
> assigned to each claim; (d) the dollar amount claimed as a loss in
> each claim, as well as the dollar amount actually paid on each such
> claim; (e) the name(s) of the insurance agents involved, (f) whether
> any such claims were ever denied by an insurance carrier and, if so,
> each and every reason for the demand.

Defendant Baldwin's objections to Interrogatory No. 14 are not well taken, and they are overruled. Defendant Baldwin shall answer Interrogatory No. 14 fully and completely.

### *Interrogatory No. 15 to Defendant. Baldwin.*

> Please identify and describe whether and in what circumstances
> you, or any employee or agent of the Village of Bosque Farms,
> determined that Plaintiff engaged in any misconduct during his
> employment with the Village of Bosque Farms. Please include in
> your answer, but do not limit it to: (a) the date of each and every
> such alleged misconduct; (b) the nature of each and every such
> alleged misconduct; (c) each and every person who witnessed the
> alleged misconduct; (d) each and every occasion on which the
> Plaintiff was informed of the alleged misconduct, by whom and in
> what manner; (e) whether the Plaintiff was given any opportunity to
> rectify the alleged misconduct; if so, when, by whom and how; and
> if not, each and every reason why not; (f) whether anyone
> disciplined Plaintiff in any way for the alleged misconduct, and if so,
> who, when, and the nature of the discipline; and, (g) whether any
> documents were created during or as a result of the discipline, and
> if so, the contents, current location, and current custodian of each
> such document.

Defendant Baldwin's response to this interrogatory is incomplete and evasive. Defendant Baldwin shall make a full and complete response to this Interrogatory.

### *Interrogatory No. 21*

> Do you intend to rely on the defense of acting on the advice of
> counsel? If so, please identify and describe any and all documents
> in your possession, custody, or control which you may use to
> support this defense, and any and all persons with personal
> knowledge of the advice of counsel on which you intend to rely.

All defendants indicate that either they do not know or that the matter has not yet been decided. I will caution counsel and the Defendants to supplement their response to this interrogatory as soon as a decision is made as to whether this defense will be relied on. If there appears to be unreasonable delay in making a definitive response to this question, Plaintiff shall so inform the Court.

### *Request for Production No. 2*

> Please produce any and all documents regarding the employment of
> the Plaintiff, his predecessor, and his successor, with the village of
> Bosque Farms, including but not limited to any and all documents
> regarding investigation into any purported misconduct and/or
> infraction. This request for production includes a request for
> Plaintiff's, his predecessor's, and his successor's personnel files,
> whether official, permanent, supervisory, internal, or of any other
> nature, and any other documents in any way related to these
> persons' employment with the Village of Bosque Farms.

In his memorandum supporting the instant motion, Plaintiff narrows R/P No. 15 to Plaintiff's successor's complete personnel file. Plaintiff seeks to compare the qualification of himself and his successor, Louis Burkhardt. In the circumstances of this law suit, Plaintiff should be provided with Mr. Burkhardt's file subject to an appropriate confidentiality order. If there are particularly sensitive parts of the file that the Defendant Village would like to submit to me for an *in camera* inspection, it may do so.

### *Request for Production No. 3*

> For each individual answering these requests, please produce any and all documents regarding your employment for the last ten (10) years, including but not limited to any and all documents regarding investigation into purported misconduct and/or infraction. This request for production includes a request for your personnel files, whether official, permanent, supervisory, internal, or of any other nature, and any other documents in any way related to your employment in the last ten (1) years.

This request is overly broad and the sought production will not be required.

### *Request for Production No. 6*

> Please produce any and all memoranda, email, letters, tapes, diagrams, and other documents in your possession, custody, or control, that were created during or as a result of the incidents forming the basis of Plaintiff's complaint, including but not limited to any and all written or electronic communication between you and any Village of Bosque Farms employee regarding the incidents forming the basis of Plaintiff's complaint. If you intend to rely on the defense of acting on the advice of counsel, please include in your response to this request any written or electronic communication between you and any counsel on whose advice you claim to have relied.

The Defendant Village's response refers to the answer to Interrogatory 15 which is not provided to the Court. The production offered in Defendants' memorandum in response to this motion shall be required.

### *Request for Production No. 9*

> For Defendant Roger Baldwin, please produce any and all documents relating to each and every occasion in the past ten (1) years on which any of your property has been destroyed or damaged by fire or other casualty or misadventure, on which you have made a claim for payment of insurance benefits. Please include, but do not limit your response to, any and all

correspondence with any and all insurance carriers involved and any
and all claim forms and records of payment(s) or denials of claims.

Defendant Baldwin's objections to R/P No. 9 are overruled. Defendant Baldwin shall produce the documents sought.

*Request for Production No. 10*

Please produce any and all documents evidencing any sworn testimony you have given during any legal proceeding, including but not limited to testimony given at trial, by deposition, by interrogatory, or by affidavit.

Defendant Baldwin's objection to R/P No. 10 is overruled.

*Request for Production No. 11*

Please produce any and all documents regarding any criminal investigations, accusations, arrests, indictments or convictions relating to any of the defendants over the past ten (10) years.

No further response to this R/P shall be required from Defendant Baldwin at this time.

Responses and document production in accordance with the foregoing shall be made on or before August 30, 2002 .

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE